## Richmond

### ANGEL MANUEL ANDERSON

### v.

### WARDEN OF THE POWHATAN CORRECTION CENTER

September 11, 1981.

Record No. 801591.

Present: All the Justices.

*Andrew H. Wortzel; Michael H. Sussman (Fagelson, Schonberger, Billowitz and Duvall,* on brief), for appellant.

*Jerry P. Slonaker, Assistant Attorney General (Marshall Coleman,* Attorney General, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this habeas corpus appeal, a convict mounts a collateral attack on his felony conviction entered upon a plea of guilty. He alleges he was denied effective assistance of counsel and, as a result, his plea was involuntary. We reject the prisoner's challenge because the allegations and proof in support of his plea for habeas relief are contrary to the representations he made at the time of his trial when his guilty plea was accepted.

On May 13, 1979, Angel Manuel Anderson was arrested and charged with the rape on that day in Fairfax County of an 18-year-old female. On the next day, based upon Anderson's affidavit of indigency, counsel was appointed to represent the accused. Subsequently, a preliminary hearing was held and thereafter Anderson was indicted for the rape. Trial of the case commenced on September 26, 1979.

After defendant had been arraigned and pleaded not guilty, a jury was impaneled and opening statements were made. The trial was then recessed, and the prosecutor and defense counsel advised the circuit judge that an agreement had been reached in which the Commonwealth would recommend confinement in prison for 18 years upon defendant's plea of guilty to the charge. Anderson, his attorney and the prosecutor signed a printed form labelled "Plea Of Guilty To A Felony."

In the form, Anderson, who was 29 years of age and had an eleventh grade education, acknowledged, *inter alia*, that he was "satisfied" with the services of his attorney, that "no one" caused or influenced him to plead guilty, and that he "freely and voluntarily" pled guilty to the offense.

Next, the completed form was handed to the circuit judge who, in open court, questioned defendant about the voluntariness of his plea, including defendant's understanding of the nature of the charge and the consequences of the plea. Responding to the court's questions, defendant stated he was satisfied with the services of his attorney and that counsel had "done everything he could do in [defendant's] behalf" up to that stage of the proceedings. Defendant further indicated he could "read, write and understand the English language," and that he was entering the plea because he was in fact guilty as charged.

Thereupon, the circuit judge accepted the plea and in the order of conviction found that "defendant fully understood the nature and effect of his said plea of guilty and that the same was voluntarily and understandingly made." Accordingly, Anderson was sentenced in accordance with the agreement on September 26, 1979.

Approximately six months later, the convict filed the present proceeding in the court below. Through different counsel, the prisoner alleged in the petition for habeas corpus, supported by affidavits of family members, that his court-appointed trial attorney was ineffective. Elaborating, Anderson contended the victim consented to the intercourse on the day in question and that he had a romantic relationship with her that existed for a period of time before the rape. He alleged that each time trial counsel interviewed him, he advised the attorney of the "pre-existing relationship with [his] accuser and the precise circumstances of the events in question." The convict asserted he gave counsel the names of persons who would corroborate the prior relationship but counsel "never interviewed any of these persons" and failed to "develop any of [the] information in any other way." In addition, Anderson alleged his trial attorney failed to otherwise investigate the charge in that he did not visit the scene of the crime and did not obtain medical records of the victim which would show she suffered no physical abuse during the attack.

The convict also alleged that because of the failure to investigate, counsel was unprepared to defend him at the trial. Anderson asserted that because his attorney told him there was " 'no chance' " he could "prevail," he "decided under this pressure to plead guilty." He further alleged that having decided to plead guilty, he answered the circuit judge's inquiries upon tender of the plea "in a perfunctory and untrue manner." He asserted he "did this because at that time and in those nightmarish circumstances,

I wanted to be out of that court room." The petitioner concluded: "Having considered my situation, I know that I acted hastily and emotionally in not revealing to the Court just how ineffective a job [the attorney] had done."

During a plenary hearing below on the petition, the prisoner presented evidence seeking to prove the foregoing allegations. Upon cross-examination, Anderson, when asked whether he lied at the time he told the trial judge he was satisfied with his trial attorney's representation, said he was in a "state of shock" at the time, "just answering questions" so he "could get out of the room." He said his "mind wasn't thinking" because of all "the pressure that was on [him] at the time."

Testifying at the plenary hearing, the prosecutor stated that during the plea negotiations, which developed on the morning of trial, and during entry of the plea, Anderson did not appear upset or distraught but was "calm and collected." The prosecutor said defendant, who actually participated in the negotiations, "was fully aware of what was going on at the time." Also, the evidence showed Anderson had been convicted in 1974 in California of felonious assault.[1]

The trial judge denied the habeas petition in a July 1980 order from which this appeal stems.

At the threshold, the question is whether a convict, under the circumstances of this case, will be permitted to repudiate representations made at his trial and, in a collateral proceeding, allege and seek to prove inadequate assistance of counsel rendering a guilty plea involuntary, by presenting a set of facts directly contrary to his earlier statements made in open court. Here, the convict does not move past the threshold.

■ Consistent with the suggestions made in *Boykin* v. *Alabama*, 395 U.S. 238 (1969), the court below established on the record the voluntariness of defendant's plea.[2] The purpose of such examination on the record is to forestall "the spin-off of collateral proceedings," 395 U.S. at 244, that delay the finality of convictions in criminal cases.

---

[1] During the plenary hearing, the trial attorney testified extensively about his representation of the defendant, including the fact that Anderson admitted to counsel in his office on the morning of trial that he was guilty of the offense charged.

[2] *See* Rule 3A:11(c), providing the trial court shall not accept a plea of guilty without first determining the plea is made voluntarily with an understanding of the charge and the consequences of the plea.

During the course of such examination in this case, the accused positively and without equivocation approved the quality of legal representation he had received and professed the voluntariness of his plea of guilty. Now he seeks to impeach his open-court declarations. That he may not do under these facts.

█ Borrowing from the rule adopted by the United States Court of Appeals for the Fourth Circuit denying evidentiary hearings on such habeas petitions, we hold that the truth and accuracy of representations made by an accused as to the adequacy of his court-appointed counsel and the voluntariness of his guilty plea will be considered conclusively established by the trial proceedings, unless the prisoner offers a valid reason why he should be permitted to controvert his prior statements. *Edmonds* v. *Lewis*, 546 F.2d 566, 568 (4th Cir. 1976), *cert. denied*, 431 U.S. 958 (1977); *Jones* v. *Taylor*, 547 F.2d 808, 810 (4th Cir. 1977); *Crawford* v. *United States*, 519 F.2d 347, 350 (4th Cir. 1975), *cert. denied*, 423 U.S. 1057 (1976). *Cf., Via* v. *Superintendent*, 643 F.2d 167 (4th Cir. 1981) (in which the court held a valid reason had been shown when trial counsel admitted he knew the accused responded falsely to some of the questions at arraignment and counsel made conflicting statements on whether he was prepared to proceed to trial); *Edwards* v. *Garrison*, 529 F.2d 1374 (4th Cir. 1975), *cert. denied*, 424 U.S. 950 (1976) (in which there was a charge of a broken plea bargain coupled with an allegation that defendant was counseled by his attorney to answer falsely the trial court's inquiry).

█ We further hold that if the allegations of the habeas petition do not set forth such a valid reason, no evidentiary hearing should be permitted. And, if apparently valid allegations are made in the pleading but are not supported by the proof at a plenary hearing, the prisoner will not be entitled to litigate whether his trial attorney was adequate and whether his guilty plea was voluntary. In other words, a convict may question by habeas corpus the adequacy of counsel and the voluntariness of a guilty plea *only* when he alleges and proves a valid reason why he should be permitted to disavow his prior, contrary declarations made at the trial.

█ In the present case, Anderson's allegations and proof fail to demonstrate a valid reason why he should be permitted to controvert his trial declarations. This convict, who is educated and had prior experience with the criminal justice system, seeks to explain

away his trial statements by alleging he was in "nightmarish circumstances" causing him to act "hastily and emotionally." He testified he was in a "state of shock" and that his "mind wasn't thinking" because of the "pressure." Such allegations are insufficient to establish a valid reason for repudiation of his trial statements in the face of the circuit judge's finding of voluntariness that is supported by the trial record as well as the record at the plenary hearing.

For these reasons, the order appealed from denying the petition for habeas corpus will be

*Affirmed.*