Commonwealth of Virginia

v.

Glen Eric Prosser

April 23, 1993

Case No. F-93–55

BY JUDGE ROBERT L. HARRIS, SR.

The Defendant in the above-styled case has been charged with carrying a concealed weapon after having previously been convicted of an identical offense. While a first offense is classified as a Class 1 misdemeanor, Va. Code Ann. § 18.2–308(A) (1992 Supp.), punishable by up to one year in jail and/or a fine of not more than $2,500.00, *id.* § 18.2–11, a second offense is classified as a Class 6 felony and a third or subsequent violation is classified as a Class 5 felony. *Id.* § 18.2–308(A). Class 6 felonies may be punished by not less than one year nor more than five years in prison and/or a fine of not more than $2,500.00. *Id.* § 18.2–10(f). Class 5 felonies may be punished by from one to ten years in prison with an identical fine available. *Id.* § 18.2–10(e).

In the instant case, the prior conviction upon which the Commonwealth intends to rely, in seeking elevation of this weapons offense to a felony, was based upon a guilty plea entered in general district court. Because general district courts are not courts of record, the Defendant now argues that the absence of any affirmative evidence regarding the voluntariness of his earlier guilty plea precludes the Commonwealth from simply entering evidence of the past conviction in support of its effort to obtain the enhanced penalty provided for subsequent concealed weapons violations. However, this Court rules that in *collateral* attacks on past convictions, the burden of showing the involuntariness

of a guilty plea falls upon the person challenging the conviction. Because the Court finds that the Defendant has not demonstrated that his guilty plea was involuntary, his motion to prevent the Commonwealth from introducing evidence of the past conviction will be denied.

In essence, what the Defendant in the instant case seeks to do is to hold the United States Supreme Court to the literal meaning of its words. In *Boykin v. Alabama*, 395 U.S. 238 (1969), the Court held that, because guilty pleas must be made voluntarily and with full awareness of the constitutional rights which are effectively waived by such a plea, state courts should make a record establishing the requisite knowledge-base and voluntariness of such pleas. *See id.* at 243–44. "When the judge discharges that function, he leaves a record adequate for any review that may be later sought and *forestalls the spin-off of collateral proceedings* that seek to probe murky memories." *Id.* at 244 (emphasis added). At least implicit in such language is the notion that absent an affirmative record demonstrating the voluntariness of a guilty plea, resulting convictions are ripe for collateral attacks such as the one involved in the instant case.

However, in *Parke v. Raley*, 506 U.S. —, 121 L. Ed. 2d 391 (1992), the Court addressed a collateral attack, via a habeas petition, on an enhanced penalty based upon a prior guilty plea, the voluntariness of which the petitioner now challenged. At issue in *Parke* was a Kentucky scheme which primarily placed the burden of showing invalidity of a prior conviction upon a defendant.

> We see no tension between the Kentucky scheme and *Boykin*. *Boykin* involved direct review of a conviction allegedly based upon an uninformed guilty plea. Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. *To import* Boykin's *presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights.*

Id. at —, 121 L. Ed. 2d at 403–04 (emphasis added).

Consistent with the U.S. Supreme Court's view, the Virginia Supreme Court has consistently ruled that in a collateral attack on a

conviction, such as is involved in a habeas petition, "a petitioner 'has a substantially heavier burden . . . than on direct appeal'." *Director v. Jones*, 229 Va. 333, 335, 329 S.E.2d 33, 34 (1985) (quoting *Stokes v. Warden*, 226 Va. 111, 118, 306 S.E.2d 882, 885 (1983)). There is no logical reason why different standards should apply to different collateral attacks. The heavy burden to which the Defendant in the instant case would be subjected were he currently seeking a writ of habeas corpus following his imprisonment under an enhanced penalty, grounded upon a prior guilty plea in general district court, should be no lighter if the identical collateral attack is made at the time of his subsequent trial. In addressing the collateral challenge involved in *Parke*, the Court, in referring to the "presumption of validity" which attaches to final judgments, stated, "Although we are perhaps most familiar with this principle in habeas corpus actions, it has long been applied equally to other forms of collateral attack." *Parke*, 506 U.S. at —, 121 L. Ed. 2d at 404.

The Defendant in the case at bar is correct in arguing that the validity of guilty pleas in general district courts would be more clearly established were some procedure similar to that required of circuit courts by Rule 3A:8(b)[1] practiced by the general district courts. However, *Parke* stands for the proposition that, in a collateral attack on a prior conviction, even in the face of a silent record, a court is allowed to rely on the presumption, "at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained." *Id.* at —, 121 L. Ed. 2d at 404. While the absence of a record in cases heard in general district courts may make such a presumption easier to overcome, *cf. Anderson v. Warden*, 222 Va. 511, 515, 281 S.E.2d 885, 888 (1981) (purpose of current Rule 3A:8(b), formerly Rule 3A:11(c), is to provide a record "to forestall 'the spin-off of collateral proceedings' "), the Defendant's testimony in the instant case fails to overcome the presumption.

The record remains silent as to the Defendant's knowledge and state of mind at the time he pleaded guilty in general district court. The Defendant argues, in essence, that he has made his prima facie showing of invalidity simply by testifying that he was not specifically ques-

---

[1] "A circuit court shall not accept a plea of guilty or nolo contendere without first determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea." Va. Sup. Ct. R. 3A:8(b).

tioned by the general district court judge as to his state of mind when he entered his guilty plea. However, the critical issue is not what the judge asked the Defendant, but whether the Defendant was actually aware of the waiver of constitutional rights implicit in a guilty plea. *See Boykin*, 395 U.S. at 243 (discussing rights waived by a guilty plea). The Defendant's testimony addressed only the former.

Additionally, the Court notes the incredible nature of the Defendant's testimony. The Defendant portrays himself as a lamb being led to slaughter in a court proceeding in which he was allegedly not only not informed of his rights, but was not informed of the charges against him, and was not given an opportunity to read the Waiver of Counsel form which he signed. Even the Sixth Circuit Court of Appeals, in the ruling ultimately overturned by the Supreme Court in *Parke*, while unwilling to presume the validity of a guilty plea in the face of a silent record, looked skeptically upon the defendant's related claim that he had not read a form he had signed explicitly waiving certain constitutional rights. *See Raley v. Parke*, 945 F.2d 137, 141 (6th Cir. 1991), *rev'd on other grounds*, 506 U.S. —, 121 L. Ed. 2d 391 (1992) ("Were we to permit such self-interested allegations to override clear documentary evidence, a state could well find it impossible to meet its burden . . . .").

Were the Court to accept the extraordinary, but admittedly "uncontradicted," testimony of the Defendant which attempted to portray his waiver of counsel in the general district court as done in total ignorance, despite his signed "Waiver of Counsel" form, the Court might be forced to treat this case as controlled by *Baldasar v. Illinois*, 446 U.S. 222 (1980). In *Baldasar*, the U.S. Supreme Court ruled that an initial conviction for misdemeanor theft, following a proceeding in which the defendant was not represented by counsel, could not be used to elevate a subsequent conviction to a felony, with a minimum prison term equal to the maximum (one year) which was available for the first (misdemeanor) offense. *Id.* at 223–24 (per curiam); *accord Sargent v. Commonwealth*, 5 Va. App. 143, 147 (1987) (*Baldasar* applies to *any* enhanced penalty involving imprisonment where the prior conviction supporting the enhancement was obtained without legal representation or knowing waiver of that right). Aside from the different constitutional protections implicated by the instant case and *Baldasar*, the *fundamental* difference between the two is that the latter did not involve a collateral attack on the *validity* of a prior proceeding, merely

objecting to the *use* of a prior conviction to support an enhanced penalty for a subsequent conviction. *See Baldasar*, 446 U.S. at 225 (Marshall, J., concurring) (noting that prior Court decisions had set "actual imprisonment as the line defining the constitutional right to appointment of counsel"). In the instant case, the Defendant, by challenging the voluntariness of his prior guilty plea, attempts to call into question the very validity of the conviction which resulted from that plea.

Absent a statutory requirement, formal inquiries by a court are not *necessary* to make a guilty plea voluntary, but simply make an easily accessible record of the extent of a plea's voluntariness. *Cf. Boykin*, 395 U.S. at 244 & nn. 5–6 (citing state statutes and Fed. R. Crim. P. 11 as examples of statutes or rules requiring an affirmative record of voluntariness); *Anderson*, 222 Va. at 515, 281 S.E.2d at 888 ("Consistent with the suggestions made in *Boykin v. Alabama*, the court below established on the record the voluntariness of defendant's plea.") (citation omitted).

The Court, therefore, is faced with an inherently silent record regarding the voluntariness of the Defendant's prior guilty plea in general district court — a silence which was untouched by the Defendant's testimony regarding the absence of affirmative questioning by the general district court judge. Because a silent record, standing alone, cannot overcome the presumption of validity granted final judgments, *see Parke*, 506 U.S. at —, 121 L. Ed. 2d at 404, the Defendant's Motion in Limine, seeking to bar the introduction by the Commonwealth of evidence of his past concealed weapon conviction, will be denied. An order to that effect will be entered on this date.

Also included in the Order will be the Court's overruling of the Defendant's Motion to Suppress. This motion was overruled because the Court found that the dispute was primarily a factual question involving the circumstances surrounding the police officer's search of the Defendant. Because the Court finds more credible the officer's testimony regarding those circumstances, the Court finds that there was, at the very least, an articulable suspicion of criminal activity upon which the officer based his search of the Defendant.

## *Order*

The said defendant was this day led to the bar in the custody of the Sheriff of this City. He was represented by David P. Baugh, retained counsel, and the Commonwealth was represented by Steven T. Buck.

The court having previously taken under advisement the defendant's Motion to Suppress and Motion in Limine, the court this day denies said motions for reasons set forth in a letter opinion dated April 23, 1993, to which rulings the defendant excepted.

With the consent of the accused, given in person, and with the concurrence of the court and the attorney for the Commonwealth, the court proceeded to hear and determine this case without a jury.

Being arraigned, the defendant pleaded not guilty to feloniously and unlawfully carry about his person, hidden from common observation, a certain concealed weapon, having been previously convicted of a like offense as charged in Indictment F-93-55, after consultation with counsel.

Evidence of the Commonwealth having been stipulated that, after the court overruled the defendant's motion to suppress and the motion in limine there was sufficient evidence for the court to find the defendant guilty beyond a reasonable doubt, and there being no evidence presented on behalf of the defendant and no argument of counsel, the court finds the defendant guilty to feloniously and unlawfully carry about his person, hidden from common observation, a certain concealed weapon, having been previously convicted of a like offense as charged in Indictment F-93-55.

The defendant noted his exception to the court's rulings on his Motion to Suppress and Motion in Limine and specifically preserved his exceptions for appeal purposes.

For reasons satisfactory to the court, on motion of counsel for the defendant, this case is continued for a presentence investigation and report and hearing on said report is scheduled for June 16, 1993, at 9:00 a.m.

For reasons satisfactory to the court, the defendant is to remain on same bond.

Thereupon, the defendant was remanded on other charges.