## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas Papavasiliou

v.

Ronald J. Angelone, Director,
Virginia Department of Corrections

August 6, 1996

Case No. (Law) 136960

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on July 12, 1996, on the Petition for Writ of Habeas Corpus filed on November 29, 1994, by Thomas Papavasiliou (the "Petitioner") and the Motion to Dismiss filed by Ronald J. Angelone, Director of the Department of Corrections (the "Respondent"). The Petitioner was present at the hearing. At that time, the Court took the matter under advisement in order fully to review the briefs and the argument of counsel. For the reasons stated below, the Motion to Dismiss is granted.

### Facts

The facts of this case will be briefly summarized. On August 25, 1993, in this Court, the Petitioner entered Alford pleas of guilty to charges of robbery and use of a firearm in the commission of a robbery. *Commonwealth v. Thomas Papavasiliou*, Criminal No. 81241. On that same day, the Petitioner pleaded guilty to identical charges in a separate case. *Commonwealth v. Thomas Papavasiliou*, Criminal No. 80478. On October 22, 1993, a final order was entered in Criminal Case No. 81241 sentencing the Petitioner to twenty-four years of incarceration. Petitioner did not appeal that conviction.

On July 11, 1994, Petitioner lodged with the Clerk of this Court a petition for writ of habeas corpus in which he alleged his incarceration resulting from his conviction in Criminal Case No. 81241 is illegal because, among other

things, he was denied the effective assistance of counsel. That petition did not comply with the format for such petition set forth in Virginia Code § 8.01-665(B). The Respondent was never directed to respond to that petition.

On November 29, 1994, Petitioner filed a second petition for a writ of habeas corpus. In that petition, Petitioner claims that the incarceration resulting from his conviction in Criminal Case No. 81241 is illegal in that he was denied the effective assistance of counsel and that "Petitioner had no knowledge of the crime." Specifically, Petitioner asserts that his trial counsel was ineffective in that counsel was not present at a police line-up; failed to inform Petitioner of the legal elements of the crime; coerced the Petitioner into pleading guilty; failed adequately to interview witnesses on Petitioner's behalf; failed to discuss legal or factual defenses with Petitioner; and has subsequently refused to supply Petitioner with counsel's file "so that defendant can further identify negligent acts of counsel."

The Respondent moved to dismiss the second petition. At the hearing on that motion, the Court allowed the Petitioner to withdraw the first petition and granted leave to the Petitioner to amend the second petition by appending to it the affidavit of the Petitioner. The Court ordered that "There will be no further amendments to the Petition herein." Order dated February 22, 1996. In his affidavit, the Petitioner stated that his trial counsel did not attend the line-up; did not advise the Petitioner that the line-up and resulting identification of the Petitioner "might have been legally improper or otherwise subject to challenge"; did not interview witnesses on his behalf or otherwise prepare a defense; did not advise the Petitioner about any legal or factual defense; told the Petitioner that, if Petitioner did not plead guilty, he would spend the rest of his life in jail; told the Petitioner how to answer the judge's questions in the guilty plea colloquy; told Petitioner that if he answered the questions correctly, he would spend very little time in jail; and failed to assist the Petitioner in withdrawing his guilty plea following sentencing. Further, Petitioner stated in his affidavit that "I had no memory of ever committing this robbery, and I did not want to plead guilty ... ."

The Respondent again moved to dismiss the petition. The Respondent argues that the allegations of the petition are insufficient to overcome the representations that Petitioner made to the trial judge at the time he pleaded guilty. *Anderson v. Warden*, 222 Va. 511, 282 S.E.2d 885 (1981).

At the time the Petitioner entered his Alford pleas of guilty to the robbery and firearm charges in Case No. 81241, the following colloquy occurred between Judge Vieregg and the Petitioner:

Q: Do you fully understand the charges against you?
A: Yes.
Q: Have you discussed these charges and their elements with your counsel, Mr. Banks?
A: You mean go over the cases?
Q: Yes.
A: Yeah.
Q: And has he discussed — you understand what the charges are?
A: Yes.
Q: And do you understand the elements of each one of those charges that have to be proven by the Commonwealth?
A: Yes.
Q: Have you had enough time to discuss with Mr. Banks any possible defenses that you might have to these charges?
A: Yes.
Q: After that discussion, did you decide for yourself that you should plead guilty?
A: Yes.
Q: Are you entering your plea of guilty because you are, in fact, guilty of the crimes charges? ... .

Mr. Banks: Your Honor, he's entering an Alford plea.

Q: So, is my understanding correct that you maintain you are not guilty of the offenses charged in case number 81241?
A: I have no recollection of that case.

After the Commonwealth's Attorney proffered what the Commonwealth's evidence would be if the case went to trial, the trial judge found that the evidence of guilt was overwhelming and accepted the Alford plea of guilty. The colloquy between the trial judge and the Petitioner continued:

Q: Do you understand that by your plea, you lose your right to a trial by jury?
A: Yes.
Q: Do you also understand that you lose your right to remain silent?
A: Yes, sir.
Q: And do you understand that you lose your right to confront and cross-examine the Commonwealth's witness?
A: Yes ... .

44

Q: Mr. Papavasiliou, has anyone connected with your arrest and prosecution, such as the police or the Commonwealth's attorney or anybody else, in any manner threatened you or forced you to enter your pleas of guilty today?
A: No, sir.
Q: Has any such person made promises to you concerning your plea of guilty?
A: No, sir.
Q: Do you understand that the maximum punishment for the crimes in this case, 81241, may result in the maximum imprisonment of a life sentence for these offenses?
A: Yes, sir.
Q: Are you entirely satisfied with the services of Mr. Banks in connection with this matter?
A: Yes, sir.
Q: Do you understand that by your plea today you may lose any right you have to appeal the decision of this Court.
A: Yes, sir.

The Court then reviewed the plea form with the Petitioner and determined that his Alford plea of guilty had been made freely, intelligently, and voluntarily, with an understanding of the nature of the charges and the consequences of the pleas. After accepting the pleas, the trial judge found the Petitioner guilty as charged. The Petitioner was thereupon arraigned on Case No. 80478, where a similar colloquy was conducted and the Petitioner was convicted of robbery and use of a firearm in the commission of a robbery in that case.

*Motion to Dismiss Petition*

In *Anderson v. Warden, supra,* the Virginia Supreme Court held:

[T]he truth and accuracy of representations made by an accused as to the adequacy of his court-appointed counsel and the voluntariness of his guilty plea will be considered conclusively established by the trial proceedings, unless the petitioner offers a valid reason why he should not be permitted to controvert his prior statements.

222 Va. at 516, 281 S.E.2d at 888 (citations omitted).

Petitioner has offered no valid reason as to why he should now be allowed to contradict his statements at his guilty plea hearing, where he advised the trial court that he was satisfied with his attorney's services, that he understood he was facing up to life in prison, that no one had threatened him or forced him to enter his guilty pleas, that no promises had been made to him in exchange for his guilty pleas, that he understood the nature of the charges against him, that his attorney had explained the elements of the charges to him, and that he discussed with his attorney the possible defenses he might have to the charges.

The Virginia Supreme Court has noted that it is "elementary that a petition of this nature must allege facts and that mere conclusions or opinions of the pleader will not suffice to make out a case." *Penn v. Smyth*, 188 Va. 367, 370-1, 49 S.E.2d 600 (1948). Mere allegations that counsel was ineffective or that counsel coerced the petitioner to plead guilty are not sufficient to require a hearing on a petition for habeas corpus. *Brown v. Smyth*, 271 F.2d 227 (4th Cir. 1959). If the allegations of the habeas petition do not set forth the "valid reason" why the petitioner is controverting his representation to the court that he was satisfied with his counsel's representation, no evidentiary hearing shall be permitted. *Anderson v. Warden, supra.*

A review of the petition in this case shows that the Petitioner has failed to plead sufficient facts to overcome his declarations in open court which would require an evidentiary hearing on his petition. For example, Petitioner claims his attorney failed to interview any witnesses on his behalf. His petition, however, fails to identify any witness who could have or should have been interviewed by trial counsel. Similarly, Petitioner fails to state what any witnesses might have testified to on Petitioner's behalf.[1] See also Code § 8.01-654(B)(2) (habeas petition shall contain all allegations of fact that are known to petitioner at the time of filing).

For the foregoing reasons, Respondent's motion to dismiss will be granted.

---

[1] Petitioner has belatedly attempted to correct the defects in the Petition by submitting with his opposition to the Respondent's motion to dismiss the affidavits of his wife and his mother. The Respondent objects to the Court's consideration of those affidavits, in that they were submitted nearly two years after the original petition and several months after Judge Steven's order of February 22, 1996, that "[t]here will be no further amendments to the Petition herein." Accordingly, for the purposes of the instant motion to dismiss, the Court has considered only the Petition as it was amended on February 22, 1996.