## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

William Allen Smith

v.

Commonwealth of Virginia

August 14, 2003

Case No. CL02-461

By JUDGE WILLIAM H. LEDBETTER, JR.

In a petition for writ of habeas corpus, William Allen Smith alleges that his attorneys were ineffective.

*Background*

The petitioner was indicted for two counts of robbery and two counts of using a firearm in commission of the robberies. Spotsylvania County Circuit Court No. CR99-678 etc. At his arraignment, he entered pleas of not guilty. The cases were set for trial. On December 23, 1999, Smith changed his pleas to the robbery charges pursuant to a written plea agreement. After questioning Smith and reviewing the stipulated evidence, the court accepted the guilty pleas and found Smith guilty of the two robberies. Pursuant to the plea agreement, the firearms charges were nol prossed. The plea agreement contained no recommendation of sentence except that the two sentences would run concurrently.

A presentence report was ordered and sentencing was scheduled for March 8, 2000. By agreement, the sentencing hearing was continued to April 5, 2000.

Before that hearing, Smith, by counsel, filed motions to withdraw his plea and for appointment of new counsel.

On April 5, 2000, the court heard Smith's motions. The motion for appointment of new counsel was granted, and a new attorney was appointed to represent Smith. His motion to withdraw the guilty pleas was continued to June 14, 2000.

On June 14, 2000, Smith withdrew his motion, and the court set sentencing for July 18, 2000. Later, on the motion of Smith, sentencing was again postponed and rescheduled for October 13, 2000.

On October 13, 2000, after an evidentiary hearing, the court sentenced Smith on each robbery conviction to forty years in prison, with thirty years suspended on various conditions stated. The sentences run concurrently, so that Smith's effective time to serve is ten years.

Smith did not appeal.

Smith instituted this habeas proceeding *pro se*.

After the respondent filed an answer and motion to dismiss, the court granted Smith's request for further "fact-finding procedures" and granted each party leave to submit affidavits with respect to the factual matters implicated "in order to assist the court in determining whether an evidentiary hearing is warranted in this case." The parties have submitted affidavits and arguments.

*Decision*

A petitioner is entitled to relief on a claim of ineffective counsel if he shows that his attorney's performance was deficient and that, but for his attorney's ineffectiveness, there is a reasonable probability of a different result. *Strickland v. Washington*, 466 U.S. 668 (1984).

It is well settled that, in order for a prisoner to claim ineffective assistance of counsel after a conviction on a guilty plea, he must be able to show a reasonable probability that he would not have made such a plea and would have gone to trial on the merits but for his attorney's errors. *Hill v. Lockhart*, 474 U.S. 52 (1985).

A petitioner's representations in court concerning the validity of his guilty plea, his waiver of rights, and his satisfaction with the services of his attorney are not subject to later attack absent a suitable justification as to why he should not be bound by the representations. *Anderson v. Warden*, 222 Va. 511 (1981).

At his arraignment, Smith was fully advised of his rights associated with trial and he specifically said that he understood them. At his guilty plea trial, he reiterated his understanding of his rights and the consequences of his pleas; he stipulated the evidence against him; he expressed satisfaction with his

attorney and the services rendered; he participated in the process whereby the firearms charges were nol prossed; and his guilty pleas were found to be freely, voluntarily, and intelligently made.

At the hearing on his motion to withdraw his guilty pleas, Smith was represented by a new attorney. He withdrew his motion freely and voluntarily.

At his sentencing, Smith testified, explaining his role in the robberies. His new attorney summoned several law enforcement officers to the sentencing hearing and asked them about Smith's cooperation.

Now, Smith contends that his first attorney failed to "adequately investigate the facts" and "failed to advocate on behalf of the petitioner." He also claims that his second attorney advised him to plead guilty, which the petitioner was obliged to do because "the damage ... had already been done as opportunities to obtain a more favorable plea agreement had already passed." The petitioner does not explain what "favorable opportunities" existed and how they "had already passed" by the time a new attorney was appointed. Finally, Smith alleges that he hired a third attorney after his sentencing who promised to file a motion to reconsider but did not do so within the appropriate time frame.

Upon a review of the record, including the affidavits submitted, the court is of the opinion that an evidentiary hearing would be of no consequence and the petition should be dismissed. More particularly, the court rejects the factual allegations that form the basis of Smith's petition.

A habeas court may consider affidavits as substantive evidence. *Yeatts v. Murray*, 249 Va. 285 (1995); Virginia Code § 8.01-660.

When the factual issues are as narrowly drawn as they are in this case, affidavits are especially helpful and appropriate. Here, the petitioner contends that his attorneys said certain things to him about the sentence he might receive if he went to trial and was convicted, as contrasted with the sentence he would receive if he entered pleas of guilty. The attorneys, in affidavits, specifically refute those assertions.

Both of Smith's attorneys are experienced trial lawyers with years of work in criminal law. The court accepts their representations, under oath, that they did not tell Smith that he would receive a specific sentence, life, if he went to trial but would receive another specified sentence, five years, if he pleaded guilty. Rather, the attorneys advised Smith of the range of possibilities and provided him with information so that, with their assistance, he could make informed decisions.

Interestingly, because of the work of his attorneys, Smith did in fact receive favorable treatment. In exchange for Smith's guilty pleas, the Commonwealth

agreed to drop two firearms charges, each of which carried minimum mandatory sentences. That agreement was honored. Also, the Commonwealth agreed to recommend that the robbery sentences run concurrently. That agreement was honored.

In considering the sentence to be imposed, the court considered Smith's criminal record, his youthful age, and his cooperation with police. The discretionary sentencing guidelines recommended a range from twenty-six years and five months to forty years and ten months, with a midpoint in excess of thirty-five years.

In sum, Smith's appointed attorneys ably represented him, achieving a sentence that is less than one-third of the sentencing guidelines midpoint. They also achieved for him the nol pros of two charges that carried minimum mandatory sentences. They summoned law enforcement officers to testify for him, and they pointed out that he was not the actual "gunman."

The court is of the opinion that Smith's appointed attorneys performed admirably and obtained a fair and proper result, given the nature of the crime and all of the other circumstances of the case.

With respect to the attorney that Smith says he retained to file a motion to reconsider, there are no allegations that address what the motion would have contained and why the motion may have achieved its purpose. This claim of ineffective counsel is inadequate and must be denied.

For these reasons, the writ will be denied and the petition dismissed.