COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


DANNY HAROLD PFALLER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1403-99-2          JUDGE MARVIN F. COLE
                                         JULY 25, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Herbert C. Gill, Jr., Judge

            John B. Boatwright, III (Boatwright & Linka,
            on brief), for appellant.

            (Mark L. Earley, Attorney General; John H.
            McLees, Jr., Senior Assistant Attorney
            General, on brief), for appellee.


     Danny Harold Pfaller, appellant, appeals his conviction for

second degree murder.  He argues that a manifest injustice

occurred when appellant's trial counsel failed to object to the

admission into evidence of hearsay statements from a codefendant.

Appellant asks us to reverse his conviction and remand the case

for a new trial.  Because appellant raises an ineffective

assistance of counsel claim, which cannot be raised on direct

appeal, we dismiss the appeal without prejudice.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

FACTS

Appellant was convicted of second degree murder in the beating death of the victim.  During appellant's trial, Officer Kelly Barton testified she interviewed Melissa Tipton, a codefendant, at the scene of the crime.  Barton's testimony recounted Tipton's statements made to Barton, wherein Tipton stated she saw appellant choke and stab the victim, then drag him to the area where he was later found.  Appellant's counsel initially objected to the admission of Barton's testimony, but later stated, "I don't have a problem with these statements." Barton then testified concerning the statements, and appellant's counsel did not object to the testimony.

Detective Murray Ash, Jr. testified he later interviewed Tipton regarding the incident.  Ash testified concerning the contents of Tipton's statements.  Again, Tipton stated that appellant attacked the victim and beat him.  Tipton also said she saw a knife in appellant's hand during the incident.  Appellant's counsel did not object to the admissibility of Ash's testimony concerning Tipton's statements.

## ANALYSIS

Appellant contends that the evidence of Tipton's statements was inadmissible hearsay pursuant to Lilly v. Virginia, 527 U.S. 116 (1999).  Acknowledging that his trial counsel failed to object to Barton's and Ash's testimony, appellant asserts that the issue on appeal is whether this failure worked on him a manifest

-

injustice.[1]  See Rule 5A:18.  However, in asserting his claim of manifest injustice, appellant makes assertions such as "[a]ny reasonably competent and experienced practitioner of criminal defense should have been well aware that" the Lilly appeal was pending before the United States Supreme Court; "[a] proper objection would have still allowed defense counsel latitude to explore whatever small benefits he could have reaped from . . . Tipton's statements, and would have preserved [appellant]'s right to seek a new trial . . ."; "[i]nstead, trial counsel inexplicably not only failed to act, but acquiesced in the admission of the evidence . . ."; "[o]nce again . . . [appellant]'s counsel failed to live up to his professional responsibilities and to protect [appellant]'s right to a fair trial.  Clearly, if [appellant]'s counsel had objected to the [evidence], [appellant]'s chances of having his petition granted and his conviction reversed by this Court would be very good."  Furthermore, appellant argues, "to penalize [appellant] for his trial counsel's unbelievable lack of attention to his duty as [appellant]'s counsel would be unfair and unjust."

It is clear that appellant makes an ineffective assistance of counsel claim on appeal to this Court.  Claims of ineffective assistance of counsel may no longer be raised on direct appeal.

---

[1] At the writ panel stage of this proceeding, appellant raised additional issues in his petition for appeal.  With the exception of the instant issue, the other issues were dismissed under Rule 5A:18.

-

Code § 19.2-317.1, which allowed direct appeal of such claims under certain circumstances, was repealed in 1990.[2]  See 1990 Va. Acts, c. 74.  See also Walker v. Mitchell, 224 Va. 568, 299 S.E.2d 698 (1983); Hall v. Commonwealth, 30 Va. App. 74, 82, 515 S.E.2d 343, 347 (1999).

In Walker, the Supreme Court of Virginia discussed its reasoning for establishing a rule restricting to habeas corpus proceedings the litigation of claims of ineffective assistance of counsel.  The Court stated:

> From the standpoint of an attorney charged with ineffective representation, the ordinary criminal trial record is insufficient to show the reasons counsel employed or did not employ a particular trial tactic.  Often, actions that appear inexplicable are made readily understandable when the actor is given a chance to explain.
>
> A separate habeas corpus proceeding affords both sides an opportunity to develop fully the factual and legal bases of their positions with respect to a claim of ineffective assistance of counsel.  Using affidavits where appropriate . . . or a plenary hearing when necessary . . ., the parties can produce a complete record, one that will permit an intelligent disposition of the habeas petition both in the trial court and on appeal.

Walker, 224 Va. at 571, 299 S.E.2d at 699.  The Court held that the defendant was not entitled to have his claim heard on direct

_____

[2] Former Code § 19.2-317.1 stated:  "A claim of ineffective assistance of counsel may be raised on direct appeal if assigned as error and if all matters relating to such issue are fully contained within the record of the trial."

appeal and dismissed the appeal as "improvidently awarded."  Id. at 571, 299 S.E.2d at 700.

For these same reasons, we dismiss appellant's appeal without prejudice.

Dismissed.