COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Willis and Clements
Argued at Alexandria, Virginia


JOSEPH McDONALD LYNCH

MEMORANDUM OPINION* BY
v.    Record No. 0512-00-2      JUDGE JEAN HARRISON CLEMENTS
MAY 22, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Thomas N. Nance, Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on brief), for
appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Mark L. Earley, Attorney
General, on brief), for appellee.


Appellant Joseph McDonald Lynch was convicted of assault and

battery in violation of Code § 18.2-57 and assault and battery of

a police officer in violation of Code § 18.2-57(C). On appeal, he

contends that the trial court erred in refusing to allow him to

withdraw his guilty pleas before sentencing. We disagree and

affirm the convictions.

As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts necessary to a

disposition of this appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Specifically, Lynch argues he was entitled to withdraw his guilty pleas before sentencing because he learned after entering the pleas that he had a defense.[1]  Lynch claims he originally pled guilty because inmates who witnessed the alleged assaults were no longer at the jail and, thus, were unavailable to testify. Without their testimony, he "didn't think [he] had a case." However, according to Lynch, he changed his mind when two more witnesses told him they "would come forward" and testify on his behalf about the alleged assaults.

"Code § 19.2-296 allows a defendant to withdraw a guilty plea before sentence is imposed."  Jones v. Commonwealth, 29 Va. App. 503, 511, 513 S.E.2d 431, 435 (1999).  "Whether a defendant should be permitted to withdraw a guilty plea rests within the sound discretion of the trial court to be determined based on the facts and circumstances of each case."  Hall v. Commonwealth, 30 Va. App. 74, 79, 515 S.E.2d 343, 346 (1999).  "The court's finding as to the credibility of witnesses and the weight of the evidence in support of a motion to withdraw a guilty plea will not be disturbed unless plainly wrong or without evidence to support it." Jones, 29 Va. App. at 512, 513 S.E.2d at 435.

---

[1] Lynch also argues at length on appeal that Code § 19.2-296's post-sentence standard of "manifest injustice" does not apply to his motion to withdraw his guilty pleas because he made his motion before sentence was imposed.  Such an argument, however, is moot in this case as the trial court did not apply the "manifest injustice" standard in determining Lynch's motion to withdraw his guilty pleas.

"As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea. The decision in each case must depend to a great extent on the particular attendant circumstances. Generally, however, it may be said that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

Parris v. Commonwealth, 189 Va. 321, 325, 52 S.E.2d 872, 874 (1949) (quoting 14 Am. Jur. 2d Criminal Law § 287 (1938)).

Determining whether the trial court erred in denying Lynch's motion to withdraw his guilty pleas "requires an examination of the circumstances confronting [Lynch] immediately prior to and at the time he pleaded to the charge[s]." Id. at 322, 52 S.E.2d at 872. On December 21, 1999, Lynch, who was represented by an attorney, was arraigned and tendered pleas of guilty to both the charge of assault and battery and the charge of assault and battery of a police officer. The trial judge questioned Lynch extensively to ensure that he was entering the pleas voluntarily, knowingly, and with a clear understanding of their effect. The

-

Commonwealth then proffered its evidence, which was not challenged by Lynch. The trial judge found Lynch guilty on both counts and continued the case for sentencing. On January 7, 2000, Lynch filed a pro se motion for withdrawal of his pleas. Lynch's motion was heard on January 13, 2000 prior to sentencing. Lynch was represented at that hearing by his attorney.

Lynch put on no evidence in support of his motion at the hearing. He merely told the trial judge he originally pled guilty because he was unable to locate fellow inmates who had witnessed the incident and consequently did not think he had a case. He added, however, that two inmates who said they saw the assault and would testify on his behalf had come forward since then. He did not identify those witnesses or proffer what they would say that might benefit Lynch.

Asked by the trial court if he had ever interviewed the possible witnesses, Lynch's attorney told the trial court that prior to Lynch's entry of the guilty pleas, Lynch had given him a couple of names of witnesses. One of them had been transferred to the Department of Corrections, but the other was still in jail and Lynch's attorney had been prepared to bring him to trial on the trial date. Lynch's attorney also told the trial court that, since pleading guilty, Lynch had given him the name of one other witness, but provided no other information about that person except that Lynch could find him if Lynch was able to get out of jail. Likewise, Lynch did not identify at the hearing on his

-

motion any defense he might have as a result of his newly found witnesses' testimony.

Nor did Lynch establish that he entered the guilty pleas involuntarily, by mistake or under a misconception of the nature of the charges, through a misunderstanding as to the effect of the guilty pleas, or through fear, fraud, or official misrepresentation.

The trial court chose not to believe or accept Lynch's stated reasons for seeking leave to withdraw his guilty pleas. Instead, the court made specific findings that Lynch understood the situation when he pled guilty and that the pleas were willingly, knowingly, voluntarily, and intelligently made. The court's ruling is supported by the record and was not plainly wrong. We hold, therefore, that the trial court did not abuse its discretion.

Accordingly, we affirm appellant's convictions.

<u>Affirmed.</u>

-