COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


RONALD LEE WILSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2175-03-2                  JUDGE ROBERT P. FRANK
                                                        JUNE 1, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Richard D. Taylor, Jr., Judge

Craig W. Stallard, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; Jennifer R. Franklin, Assistant Attorney General,
on brief), for appellee.


Ronald Lee Wilson (appellant) was convicted in a bench trial on his Alford[1] plea to

second-degree murder, in violation of Code § 18.2-32, malicious wounding, in violation of Code

§ 18.2-51, and use of a firearm in the commission of murder, in violation of Code § 18.2-53.1.  On

appeal, appellant contends the trial court erred in denying his motion to withdraw his Alford plea.

For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

Appellant was arrested on June 17, 2002.  On July 18, 2002, a competency evaluation was

conducted, and appellant was determined incompetent to stand trial.  On September 9, 2002, a

re-evaluation was conducted, and, despite efforts to rehabilitate him, Katherine Gray advised the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

court that more time was needed to restore appellant to competency. Appellant was re-evaluated on October 15, 2002, and determined to be competent and able to stand trial. Reports indicated appellant made excellent progress in the "restoration process." Appellant then was indicted for first-degree murder, aggravated malicious wounding, possession of a firearm by a minor, possession of a firearm by a convicted felon, use of a firearm in the commission of aggravated malicious wounding, and use of a firearm in the commission of murder.

Approximately one week prior to the April 14, 2003 trial date, defense counsel received an offer from the Commonwealth to reduce the murder charge from first-degree to second-degree murder, to reduce the aggravated malicious wounding to malicious wounding, and to *nolle prosequi* all the firearm charges except using a firearm in the commission of a murder. Defense counsel presented the offer to appellant about five days before trial.

Several days after he was made aware of the offer, appellant discussed the offer with his mother and sister. They both told him that he should proceed with a not guilty plea, but he did not accept their advice. Instead, appellant decided he should accept the plea agreement.

On April 14, 2003, appellant entered <u>Alford</u> pleas to the charges of second-degree murder, malicious wounding, and use of a firearm in the commission of a murder.[2] The Commonwealth *nolle prossed* the remaining firearm charges. At his plea hearing, appellant represented to the trial court that he had sufficient opportunities to discuss the case with his attorney, he had discussed his witnesses and his defenses, he understood the punishment that could be imposed, and he was entering the plea freely and voluntarily without any threats or promises. He indicated it was his decision to enter the <u>Alford</u> plea and that he entered the plea because "the Commonwealth's

---

[2] We note that, when asked for his plea, appellant did not plead guilty, but responded, "<u>Alford</u> plea." It is undisputed that the trial court accepted this response as a guilty plea.

- 2 -

evidence is such that [he did] not want to take the risk that [he] will be found guilty beyond a reasonable doubt."

The trial court found:

> The defendant has voluntarily, knowingly, and intelligently waived
> the jury, understands the questions asked and the answers given,
> tenders an Alford plea to the charges against him, after being
> advised by his attorneys, understanding the nature of the charges,
> the punishment, and the consequences of his plea.

The Commonwealth then gave a narration of the underlying facts for the three charges. The trial court found appellant guilty of the three felonies, and the cases were continued to July 2, 2003, for sentencing.

On June 27, 2003, appellant filed a motion to withdraw his guilty pleas. At the July 2, 2003 hearing conducted on this motion, appellant testified he could not trust anyone in his family because he had been away from them for an extended period of time. Although his mother and sister expressed an opinion as to the plea agreement, he did not consider their opinions. After being informed of the Commonwealth's offer, appellant said he considered it for five or six days. Appellant testified he was under a "whole lot of pressure." The prospect of facing a sentence that could result in spending the rest of his life in prison added to the pressure. Appellant indicated that he first thought about withdrawing his plea "right after [he] took it." He told his mother immediately. Appellant testified he felt "tricked" into taking the plea agreement. He declined the offer "a couple of times," but his attorney persisted. He claimed he felt pressured by his counsel to take the offer. He stated, "[b]ut what was said in the newspaper and on the news that I was gonna get 63 years for the crime, that's what made me change my mind."

On cross-examination, appellant conceded that prior to entering the Alford plea, he was aware of the maximum penalties. He had discussed the offer with his counsel three or four times

prior to the trial date. The trial court denied appellant's motion to withdraw his plea and sentenced appellant on the three felony convictions.

ANALYSIS

Essentially, appellant argues the correct standard to determine whether he should be permitted to withdraw his guilty plea was enunciated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The Fourth Circuit in Moore based its decision on an interpretation of the Federal Rules of Criminal Procedure, which address withdrawal of guilty pleas. However, we are not bound by the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeal, and the Supreme Court of the United States."). The rules can apply in state courts, but only when a rule so states. Fed. R. Crim. P. 1(a)(2) ("When a rule so states, it applies to a proceeding before a state or local judicial officer."). Rule 11(d), which addresses the withdrawing of a guilty plea, does not state that it applies to state courts.

The Virginia standard for denying a motion to withdraw a guilty plea was explained in Zigta v. Commonwealth 38 Va. App. 149, 153, 562 S.E.2d 347, 349 (2002),

> "Code § 19.2-296 allows a defendant to withdraw a guilty plea before sentence is imposed." Jones v. Commonwealth, 29 Va. App. 503, 511, 513 S.E.2d 431, 435 (1999). "Whether a defendant should be permitted to withdraw a guilty plea rests within the sound discretion of the trial court to be determined based on the facts and circumstances of each case." Hall v. Commonwealth, 30 Va. App. 74, 79, 515 S.E.2d 343, 346 (1999). "The court's finding as to the credibility of witnesses and the weight of the evidence in support of a motion to withdraw a guilty plea will not be disturbed unless plainly wrong or without evidence to support it." Jones, 29 Va. App. at 512, 513 S.E.2d at 435.
>
> "As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea. The decision in each case must depend to a great extent on the particular attendant circumstances." Parris v. Commonwealth,189 Va. 321, 325, 52 S.E.2d 872, 874 (1949) (quoting 14 Am. Jur. 2d Criminal Law § 287 (1938)).

Determining whether the trial court erred in declining to allow a withdrawal of a guilty plea "requires an examination of the circumstances confronting [the] accused immediately prior to and at the time he pleaded to the charge." Id. at 322, 52 S.E.2d at 872.

"[I]f it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made," then the trial court should grant the motion. Parris, 189 Va. at 324, 52 S.E.2d at 873. Generally, a trial court should permit withdrawal of a guilty plea whenever it promotes the ends of justice.

"The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly [sic], if any reasonable ground is offered for going to the jury."

Id. at 325, 52 S.E.2d at 874 (quoting 14 Am. Jur. Criminal Law § 287 (1938)).

Before accepting his Alford plea, the trial court carefully and extensively questioned appellant to ensure he freely and voluntarily entered the plea. Appellant had sufficient opportunity to confer with counsel. He understood the nature of the charges and the penalties involved. He did not substantially challenge the Commonwealth's proffer of facts. He had discussed the pleas with his mother and sister and chose not to heed their advice.

Essentially, he contends he was under stress from "the time constraints of the offer and the trial date" when his counsel "tricked" him into entering the plea by asking him on two consecutive visits if he wanted to accept the Commonwealth's offer. He contends his age and the separation from his family necessitated by the restoration of competency services placed additional pressure on him. Appellant has never alleged that he did not understand the

implications of his pleas or that he did not understand the potential sentence. Appellant does not claim he misunderstood any facts related to his case.

In the colloquy before the court accepted appellant's plea, he made no indication that he felt undue pressure to submit a guilty plea. He acknowledged that he understood the proceedings and the implications of his plea. At the hearing on the motion to withdraw that plea, the trial court heard appellant's testimony and rejected it. The trial court opined that appellant "made a knowing and voluntary decision, with able assistance of counsel to enter that plea, and now has changed his mind, and is scared." We conclude the court's ruling was not an abuse of discretion, not plainly wrong, and not without evidence to support it. Hoverter v. Commonwealth, 23 Va. App. 454, 465, 477 S.E.2d 771, 776 (1996).

Thus, we affirm appellant's convictions.

Affirmed.