COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


CHRISTOPHER BENJAMIN JOHNSON

MEMORANDUM OPINION[*] BY
v.        Record No. 3206-03-2        JUDGE ROBERT J. HUMPHREYS
                                      FEBRUARY 15, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
Joseph E. Spruill, Jr., Judge Designate

Mark S. Gardner (Gardner, Maupin, Sutton & Haney, P.C., on brief),
for appellant.

Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Appellant Christopher B. Johnson appeals his conviction for malicious wounding, a

violation of Code § 18.2-51.  Johnson argues that the trial court:  (1) erred in denying his motion

to withdraw his guilty plea, and (2) abused its discretion during sentencing by failing to give

mature consideration to the entire range of punishment permitted by law.  For the reasons that

follow, we find no merit in either of these contentions, and we therefore affirm his conviction.

A.  Withdrawal of the Guilty Plea

On April 25, 2002, a grand jury indicted Johnson for malicious wounding.  At his trial,

conducted on February 10, 2003, Johnson pled guilty to the charge.  Before accepting the guilty

plea, the trial judge asked Johnson the following questions:

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

COURT:      Mr. Johnson, before I accept your plea of guilty, I need to ask you a few questions. How old are you?

JOHNSON:    Twenty-seven.

COURT:      How far did you go in school?

JOHNSON:    Eleventh grade.

COURT:      Do you understand the charge before the Court this morning?

JOHNSON:    Yes.

COURT:      Have you had enough time to talk with [your attorney] about this case?

JOHNSON:    Yes.

COURT:      After your discussions with him have you decided for yourself to plead guilty?

JOHNSON:    Yes.

COURT:      Are you doing so voluntarily?

JOHNSON:    Yes.

COURT:      Has anyone either threatened you or forced you to plead guilty?

JOHNSON:    No.

COURT:      Are you pleading guilty because you are guilty?

JOHNSON:    Yes.

COURT:      Do you understand that if you plead guilty, you're not entitled to have a jury trial?

JOHNSON:    Yes.

COURT:      You may be waiving certain rights to appeal. Do you understand that?

JOHNSON:    Yes.

COURT:      Are you satisfied up to this point with the services of [your attorney]?

```
JOHNSON:    Yeah.

        *    *    *    *    *    *    *

COURT:      Mr. Johnson, do you understand all of my
            questions?

JOHNSON:    Yes.

COURT:      Do you have any questions that you would like to
            ask?

JOHNSON:    No.
```

After Johnson responded to the trial court's questions, the prosecutor described the incident that resulted in the charge of malicious wounding. The court then asked Johnson whether he had "anything to say before we pronounce judgment in this case?" Johnson responded, "No, sir." The trial court found Johnson guilty of malicious wounding and scheduled a sentencing hearing for a later date.

Before the sentencing hearing was conducted, Johnson's attorney filed a motion for leave to withdraw as counsel of record. Johnson's attorney noted that Johnson had later informed him that Johnson believed "counsel misinformed him" and that Johnson "desired to withdraw his plea." The court permitted Johnson's counsel to withdraw, but also noted that the court would "not allow[] [Johnson] to withdraw [his] guilty plea." Notwithstanding the court's prior comment, Johnson's new counsel filed a motion seeking to withdraw the guilty plea, alleging that his prior counsel "'scarred [sic] him into pleading guilty' to a crime that he did not commit."

At a hearing on Johnson's motion to withdraw his guilty plea, his new counsel argued that Johnson pled guilty because his attorney misled Johnson into believing that he was facing a life sentence, "which is not true under the malicious wounding statute." Specifically, Johnson testified that he pled guilty because it was his understanding that, if he pled guilty, the judge would sentence him to four to nine years rather than twenty years to life.

- 3 -

At the hearing, the court asked Johnson the following questions:

COURT: Mr. Johnson, do you recall that you were in Court on February the 10th of 2003 . . . . Do you remember that, you came to Court with [your attorney]?

JOHNSON: Yes, I remember the date.

COURT: You[] were right over there?

JOHNSON: Yes.

COURT: And the Court asked you at that time if you understood the charge.

JOHNSON: Yes.

COURT: And if you had enough time to talk with [your attorney] about the case.

JOHNSON: Yes.

COURT: And you pled guilty voluntarily.

JOHNSON: Yes.

COURT: Nobody had forced you to plea guilty, nobody had threaten[ed] you to plea guilty.

JOHNSON: Right.

COURT: Then I asked you if you were pleading guilty because you were guilty.

JOHNSON: Yes.

COURT: And you said yes.

JOHNSON: Yes.

COURT: And later on, I asked you if you were satisfied with the representation of [your attorney].

JOHNSON: Yes.

COURT: And you said yes.

JOHNSON: Yes.

COURT: You understood all of the questions, I asked you that. Do you understand the questions now?

JOHNSON: Yes. Well, actually, I didn't know that I could say no to certain ones though.

COURT: Which ones did you think you couldn't say no to?

JOHNSON: Like, when you asked me if I was pleading guilty because I was actually guilty. I didn't know I could say no to that one and still be able to take the plea, so, I said yes.

COURT: You said yes, right?

JOHNSON: Yes.

COURT: How much education do you have?

JOHNSON: Tenth grade.

COURT: At that time, were you under the impression that the sentence range would be four to nine years?

JOHNSON: Yes, ducking twenty to life.

The court denied Johnson's motion to withdraw his guilty plea. Johnson filed a motion for reconsideration, and that motion was also denied.

A criminal defendant who has pled guilty to the charges against him may move to withdraw his guilty plea at any point prior to sentencing. Code § 19.2-296; see also Jones v. Commonwealth, 29 Va. App. 503, 511, 513 S.E.2d 431, 435 (1999). "Whether a defendant should be permitted to withdraw a guilty plea rests within the sound discretion of the trial court," and the court's decision should be "based on the facts and circumstances of each case." Hall v. Commonwealth, 30 Va. App. 74, 79, 515 S.E.2d 343, 346 (1999); see also Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949); Zigta v. Commonwealth, 38 Va. App. 149, 153, 162 S.E.2d 347, 349 (2002); Hoverter v. Commonwealth, 23 Va. App. 454, 464, 477 S.E.2d 771, 775 (1996).

According to Rule 3A:8(b), "[a] circuit court shall not accept a plea of guilty . . . without first determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea." Thus, a motion to withdraw a guilty plea should be granted "if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made." Parris, 189 Va. at 324, 52 S.E.2d at 873.

Here, Johnson contends that his guilty plea was submitted under the influence of a mistake of fact, arguing that he "was misinformed by his counsel of the potential range of punishment and, consequently, feared the possibility of a much more severe penalty than the law in fact allowed."[1] Initially, we agree with the Commonwealth that Johnson's argument is, in essence, a claim of ineffective assistance of counsel. As we have previously noted, claims of ineffective assistance of counsel may not be raised in a direct appeal, including one involving a court's refusal to allow a defendant to withdraw a guilty plea. See Hall, 30 Va. App. at 82, 515 S.E.2d at 347 (considering claim of counsel's shortcomings only in the context of whether the defendant's plea was voluntary). To the extent that Johnson is arguing that his guilty plea resulted from ineffective assistance of counsel, that claim is not cognizable in a direct appeal to this Court. See id.

Also, to the extent that Johnson is arguing that his plea was involuntary because he lacked understanding of the potential range of punishment permitted by law, we find no merit in that contention. At the hearing on Johnson's motion to withdraw his guilty plea, Johnson's former counsel testified that Johnson "understood the implications of his guilty plea." And,

---

[1] Johnson does not argue that his plea was "induced by fraud, coercion or undue influence," contending only that it was the result of a mistake of fact.

although he did not testify as to the substance of his communications with Johnson, this attorney had previously informed the court that he and Johnson were "of opposite positions with regards to what transpired" before Johnson entered his guilty plea. In contrast, Johnson admitted that he pled guilty voluntarily, but contended that he did so under the impression that he was "ducking" a sentence of twenty years to life, and would instead receive a sentence of four to nine years.

The trial court, believing that Johnson was trying to "manipulate the system," resolved this conflicting testimony and concluded that Johnson's plea was entered voluntarily. "The court's finding as to the credibility of witnesses and the weight of the evidence in support of a motion to withdraw a guilty plea will not be disturbed unless plainly wrong or without evidence to support it." Jones, 39 Va. App. at 512, 513 S.E.2d at 435; see also Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (noting that, on appeal, we "do[] not . . . make our own determination of the credibility of witnesses"). Here, the trial court implicitly concluded that Johnson's testimony was not credible, and we will not disturb that finding on appeal.

Moreover, when deciding whether to grant Johnson's motion to withdraw his guilty plea, the trial court was entitled to consider Johnson's testimony that he pled guilty believing that he would receive a sentence of four to nine years in prison. According to Code §§ 18.2-51 and -10, a conviction for malicious wounding may result in a sentence of up to twenty years in prison. Thus, the sentence that Johnson believed he would receive as a result of pleading guilty fell well within the confines prescribed by law.

Finally, under the circumstances of this case, we agree with the trial court that withdrawal of the guilty plea would not promote the ends of justice. See Hall, 30 Va. App. at 80, 515 S.E.2d at 346 ("Generally, a trial court should permit withdrawal of a guilty plea whenever permitting withdrawal of the guilty plea will promote the ends of justice."). Here, Johnson's motion to

withdraw his guilty plea was not heard until October 2, 2003 – nine months after he tendered his guilty plea, eighteen months after he was indicted, and twenty-one months after the crime was allegedly committed. Considering the drawn-out nature of the proceedings, the trial court expressed its concern regarding "the chaos that would result if we have to go through [a] brand new trial." Thus, the court implicitly concluded that permitting Johnson to withdraw his guilty plea would hinder – rather than promote – the ends of justice.

Accordingly, considering all of the circumstances, the trial court did not abuse its discretion when it denied Johnson's motion to withdraw his guilty plea.

### B. The Sentencing Proceedings

Johnson also contends that the trial court "abused its discretion in sentencing by failing to give mature consideration to the entire range of punishment permitted by law," arguing that the court's

> announced intention to sentence within the advisory guidelines, stated before any evidence was presented or argument made on sentencing, can only lead to the conclusion that the trial court abdicated its responsibility in sentencing and failed to exercise its discretion or to give mature consideration to the evidence and argument presented at sentencing.

Initially, because he failed to timely object to the trial court's sentencing proceedings, Johnson is barred from raising this issue on appeal. See Rule 5A:18; see also Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) ("The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals."); Roberts v. Roberts, 41 Va. App. 513, 525, 586 S.E.2d 290, 296 (2003) (noting that the Court of Appeals "will not consider on appeal an argument that was not presented to the trial court").

Johnson admits that this issue "was not specifically preserved by objection or argument of trial court," but he contends that "it should nevertheless be considered to attain the ends of justice." We disagree. "The ends of justice exception is narrow and is to be used sparingly." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989). To avail himself of the ends of justice exception, Johnson must "affirmatively show that 'a miscarriage of justice [has] occurred, not . . . that a miscarriage might have occurred.'" Id. at 132, 380 S.E.2d at 11 (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). To sustain this burden, the trial court's error must be "clear, substantial, and material." Id.

Here, Johnson fails to carry his burden of showing a "clear, substantial, and material" error. The statutorily prescribed punishment for malicious wounding is five to twenty years in prison and a fine of up to $100,000. See Code §§ 18.2-51 and -10. The trial court imposed a sentence of eight years in prison, which, as Johnson admits, is "the precise midpoint of the [sentencing] guidelines."

Because Johnson's sentence does not exceed the statutory maximum, there is no "clear, substantial, and material" error evident from the record. Cf. Jefferson v. Commonwealth, 33 Va. App. 230, 239, 532 S.E.2d 899, 903 (2000) ("We perceive no reason to invoke the 'ends of justice' exception. The sentence is not excessive on its face."). Thus, we will not invoke the ends of justice exception, and we are therefore barred from considering this issue on appeal.[2]

---

[2] The Commonwealth also contends that we should not address this issue because Johnson failed to cite authority in support of his argument, thereby violating Rule 5A:20(e). We note that Johnson did cite some, limited authority in his brief. Specifically, Johnson cited one case and two statutory sections, both of which are tangentially, although not directly, related to his argument. However, because the resolution of whether Johnson complied with Rule 5A:20(e) does not affect our conclusion that Johnson failed to preserve this issue for appeal, we need not decide whether Johnson's limited citation of authority was sufficient to comply with Rule 5A:20(e).

## C. Conclusion

For these reasons, we hold that the trial court did not err when it denied Johnson's motion to withdraw his guilty plea. And, because he failed to carry his burden of showing "clear, substantial, and material" error, we decline to consider Johnson's argument that the trial court failed to properly consider the full range of punishment during the sentencing hearing. Accordingly, we affirm Johnson's conviction for malicious wounding.

Affirmed.