50

# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

 v.

Shazia Momen

August 2, 2006

Case No. (Criminal) FE-2005-149

BY JUDGE R. TERRENCE NEY

This matter came before the Court on Motion of Plaintiff Shazia Momen to withdraw her plea of guilty.

## *Facts*

On March 29, 2005, Momen pleaded guilty to grand larceny. With the defendant was an interpreter fluent in Farsi, as well as her counsel, Michael Hadeed. The plea form that she signed specifically stated that her "plea was made voluntarily and with full understanding of the nature of the charge and the consequences of the plea."

The sentencing order of October 5, 2005, sentenced Momen to five years of incarceration with all five years suspended, conditioned upon her good behavior and supervised probation. Months later, on March 26, 2006, Momen filed this motion to withdraw her plea of guilty, pursuant to Virginia Code § 19.2-296.[1]

---

[1] The defense, in its motion, mistakenly based its relief on Virginia Code § 19.2-292, which addresses double jeopardy.

*Analysis*

Section 19.2-296 of the Virginia Code reads, in whole, as follows:

*Withdrawal of plea of guilty,* – A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Because the defendant's motion was not filed before sentence was imposed or before the imposition of a sentence was suspended, the court must apply the "manifest injustice" test. An insurmountable hurdle, however, is that this motion was not filed within twenty-one days after the entry of a final order. That is, it was not filed when this Court retained jurisdiction. The final sentencing order was entered October 5, 2005. This motion was filed on May 26, 2006. Because of the lack of jurisdiction, this motion must be dismissed.

Even if the court were to apply the "manifest injustice" test, without considering that this motion was filed well after the twenty-one day period, the defendant's motion is still without merit. It is within the sound discretion of this court to grant such a motion, but only if serves the ends of justice. *Zigta v. Commonwealth*, 38 Va. App. 149, 153, 562 S.E.2d 347 (2002) (quoting *Hall v. Commonwealth*, 30 Va. App. 74, 79, 515 S.E.2d 343, 346 (1999)). As this is a discretionary matter, the Court's decision depends greatly on the particular attendant circumstances. *Id.*

For a guilty plea to be constitutionally valid, it must have been voluntarily and intelligibly made. *Bousley v. United States*, 523 U.S. 614, 618, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *see North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Such a plea is voluntarily made when the defendant is fully aware of the direct consequences of the plea and was not induced to plead as such. *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 25 L. Ed 2d 747 (1970). Nevertheless, if "the accused does not understand the nature of the constitutional protections he [or she] is waiving" or because the defendant "has such an incomplete understanding of the charge that his [or her] plea cannot stand as an intelligent admission of guilt," then the guilty plea may be rendered involuntary. *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed. 2d 108, 626 U.S. 637, 645, n. 13 (1976). The Virginia Court of Appeals has noted that trial courts

should grant leave to withdraw a plea of guilty if it was entered "through a misunderstanding as to its effects." *Hall*, 30 Va. App. at 80, 515 S.E.2d at 346.

Momen, according to her affidavit, asserts that she was not provided adequate legal representation and did not understand the nature of her plea because of insufficient translation services and, therefore, did not fully comprehend the nature and consequences of the charge. That right to effective representation, never waived, is guaranteed by the Sixth Amendment. *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). If the defense should prove that the representation was ineffective, then her guilty plea was not entered into voluntarily and knowingly. *Id.* at 774.

To prove ineffective legal representation, the defendant must show: (1) that the counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to prove either prong defeats the defendant's claim. *Id.*

Under the first prong, the correct standard in determining the deficiency of the representation is that of reasonably effective assistance. *Id.; see also McMann*, 397 U.S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970) (holding that a guilty plea cannot be attacked based on ineffective legal representation unless such counsel was not a reasonably competent attorney). As to the second prong, more difficult to determine than the first, the defense must prove that there was a reasonable probability that the defendant would have insisted upon a trial had she not received the ineffective legal representation. *Ostrander v. Green*, 46 F.3d 347 (4th Cir. 1995).

Turning then to the Motion to Withdraw Plea of Guilty, Momen makes general, unwarranted allegations at best. With regard to the first prong, the defendant has provided no reliable evidence to prove that her former attorney's advice fell below a reasonable standard, only general assertions that he failed to represent her effectively. This merely states what needs to be proven. Although Momen claims to have simply followed what her counsel advised, she fails to consider that by following his advice, she was acting voluntarily and knowingly. Equally damaging to her position is her statement that she followed her counsel's advice in order to avoid a jail term. Needless to say, she had all five years of her term suspended and, therefore, received what she sought. As such, she has failed to prove the first *Strickland* prong.

Nor does Momen cite any evidence to show that, had she been provided effective legal counsel, she would have requested a trial, as required by the second *Strickland* prong. In fact, she has proffered no reason as to why she would prefer a trial to a plea of guilty.

In addition, nothing in the record demonstrates that there were any objections to the court-appointed interpreter. In her affidavit, Momen claims to have told both her lawyer and the translator that she did not understand, yet she points to nothing specific in the record that illuminates any discrepancies. As a result, this claim is also without merit.

*Conclusion*

For these reasons, specifically based on the failure to file this motion within the appropriate time period and on the failure to prove manifest justice, the defendant's Motion to Withdraw Plea of Guilty is denied.