COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


CHOLCO JERMAINE JONES
                                                            MEMORANDUM OPINION* BY
v.        Record No. 2169-05-3                    JUDGE ELIZABETH A. McCLANAHAN
                                                              DECEMBER 19, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

Jesse W. Meadows III for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Cholco Jermaine Jones appeals his conviction on three cocaine distribution charges.  He

contends the trial court abused its discretion in denying his pre-sentence motion to withdraw his

guilty pleas to those charges because the pleas were induced by fraud.  For the following

reasons, we affirm the judgment of the trial court.

BACKGROUND

Jones was indicted on four charges of cocaine distribution, in violation of Code

§ 18.2-248.  On July 19, 2005, Jones pleaded guilty to three of the charges and a *nolle prosequi*

was entered by the Commonwealth on the fourth charge, pursuant to a written plea agreement.

The trial court conducted an extensive plea colloquy with Jones before accepting his guilty

pleas.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

During that exchange, Jones acknowledged he was entering each plea "freely and voluntarily." More specifically, he acknowledged that he had not been forced, coerced or threatened in any way into pleading guilty. The court then asked, "[H]as anybody promised you anything other than what is in the plea agreement?" Jones replied, "No, sir." Jones confirmed that he had read and discussed the agreement with his attorney and understood its terms and that, under those terms, he agreed to plead guilty to three charges of cocaine distribution in exchange for the Commonwealth's agreement to enter a *nolle prosequi* on the fourth charge. Jones further acknowledged there was no agreement as to punishment, which was left for the court to decide after it received the pre-sentence report. The court then asked Jones again, "Has anything been promised you that is not in the agreement?" Jones again stated unequivocally, "No, sir."

The court also asked Jones about the guilty plea form he had completed and signed. Question 19 asked whether any promises had been made to Jones concerning his guilty pleas, to which he answered "no." Question 25 asked whether the plea agreement contained "the full and complete agreement entered into," to which Jones responded "yes." Jones confirmed to the court that he reviewed each of the questions on the form with his attorney and that "each answer that [he] gave on [the] guilty plea form [was] a true answer."

Accordingly, the trial court found Jones guilty on the three cocaine distribution charges and continued the case to September 1, 2005 for sentencing.

On August 1, 2005, Jones was indicted for possession of a firearm by a convicted felon. The charge was originally brought in February 2005, but a *nolle prosequi* was entered in April 2005. On August 17, 2005, Jones filed a motion to withdraw his guilty pleas on the cocaine

distribution charges, pursuant to Code § 19.2-296.[1] In support of his motion, Jones alleged "he only pled guilty pursuant to the plea agreement because he was promised [by the police at a meeting on May 10, 2005] that the gun charge(s) would not be brought back up if he did so, and therefore fraud was employed in inducing [his] guilty pleas."[2]

At the hearing on his motion, Jones testified Investigator Euell Hunt, of the Franklin County Sheriff's Office, told him at the meeting "not to worry about the gun charge." Jones admitted on cross-examination, however, that Hunt "never specified whether or not [the gun charge] would come back." Jones also admitted that the purpose of the meeting was to determine whether he could possibly "work with the police in order to get [his] charges reduced,"[3] but that he never provided any assistance to the police because he was unable to post a sufficient bond in order to get out of jail.[4]

Investigator Hunt testified that he, along with Officer Eric Ingram and Investigator Mike Shriver, met with Jones and his attorney, at Jones' request, on May 10, 2005. At the meeting, Hunt explained to Jones several ways he could assist the police in an effort to receive "some credit" toward his own case. Hunt also testified, however, that no promises were made regarding any specific charges. Rather, the officers told Jones the possibility of "reduced" charges or a "lower sentence" depended upon his level of cooperation with the police.

---

[1] Code § 19.2-296 provides, in relevant part, that "[a] motion to withdraw a plea of guilty . . . may be made . . . before sentence is imposed or imposition of a sentence is suspended . . . ."

[2] Jones' attorney, who was present at this meeting, also signed the plea agreement form acknowledging that it constituted the entire agreement between the Commonwealth and the defendant.

[3] At that time, the gun charge was not pending against Jones.

[4] As stated in his motion, Jones and his counsel "met with drug investigators [on May 10] . . . in order to discuss the possibility of [Jones] assisting the police in making controlled drug buys. . . . Unfortunately, [Jones] was never able to post bail and begin assisting the police."

Officer Ingram and Investigator Shriver also testified that no statements or promises were made to Jones at the meeting concerning certain charges being "dropped" or "not com[ing] back" if Jones assisted the police. Shriver specifically stated that he did not recall any discussion about a firearms charge.

In denying the motion, the trial court found that Jones was "not promised anything about the gun charge." "[A]t the very most," the court determined, Jones had "a misunderstanding of what happened" at the May 10 meeting, but that had "nothing to do with [his] pleas of guilty" on the drug charges. The court further stated that, even viewing the evidence from Jones' "standpoint," it showed he did not perform under his purported agreement because he was unable to secure his release on bond from jail and render assistance to the police. Thus, the court concluded, there was "no reason . . . under these circumstances and on the evidence . . . to allow [Jones] to withdraw" his guilty pleas.

ANALYSIS

"Whether a defendant should be permitted to withdraw a guilty plea rests within the sound discretion of the trial court to be determined based on the facts and circumstances of each case." Hall v. Commonwealth, 30 Va. App. 74, 79, 515 S.E.2d 343, 346 (1999). "The court's finding as to the credibility of witnesses and the weight of the evidence in support of a motion to withdraw a guilty plea will not be disturbed unless plainly wrong or without evidence to support it." Jones v. Commonwealth, 29 Va. App. 503, 512, 513 S.E.2d 431, 435 (1999). One of the circumstances in which, as a matter of law, a motion to withdraw a guilty plea "'should not be denied, if timely made,'" is where, as Jones contends in the instant case, "'it was induced by fraud . . . and would not otherwise have been made.'" Hoverter v. Commonwealth, 23 Va. App. 454, 463-64, 477 S.E.2d 771, 775 (1996) (quoting Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949)).

Jones specifically asserts that he pleaded guilty to the drug charges pursuant to the plea agreement only because the police "promised" that in exchange for those pleas the gun charge, on which a *nolle prosequi* had been entered, "would not be brought back up." But after pleading guilty to the drug charges, he was, in fact, indicted on the gun charge, thus proving his pleas were induced by fraud. The evidence adduced at the hearing on Jones' motion, however, does not support those assertions.

The trial court examined Jones "conscientiously and thoroughly" before accepting his guilty pleas. Id. at 465, 477 S.E.2d at 776. In doing so, the court asked him twice whether he had been "promised" anything other than what was in the plea agreement—which addressed only the drug charges—and Jones' answer each time was no. Jones gave the same answer in writing on his guilty plea form, which he confirmed to the court to be "true." Jones also acknowledged his understanding of the terms of the plea agreement after the court explained each of those terms to him. Furthermore, at Jones' hearing on his withdrawal motion, he admitted that, at the meeting with the police, the police never said whether or not the gun charge "would come back." Hunt testified that not only was no promise of any kind made to Jones at the meeting, but that "no specific charge was mentioned." Hunt's testimony was consistent with that of Investigator Shriver and Officer Ingram. Moreover, the evidence shows that the import of Jones' meeting with the police was that any favorable treatment he might receive from the Commonwealth in the future regarding any criminal charges or sentencing was contingent upon him providing assistance to the police, which never occurred.

"[T]he truth and accuracy of representations made by an accused as to . . . the voluntariness of [and reasons for] his guilty plea will be considered conclusively established by the trial proceedings, unless the [accused] offers a valid reason why he should be permitted to controvert his prior statements." Anderson v. Warden of Powhatan Corr. Ctr., 222 Va. 511, 516,

281 S.E.2d 885, 888 (1981) (citations omitted).  On the facts and circumstances of the instant case, we find the reason offered by Jones to controvert his representations to the trial court is not valid.  The evidence does not support his allegation that the police fraudulently induced him to plead guilty to the drug charges.  Instead, the evidence supports the trial court's finding that the gun charge, on which Jones bases his allegation of fraud, had nothing to do with his guilty pleas on the cocaine distribution charges.

For these reasons, we hold the trial court did not abuse its discretion in denying Jones' motion for leave to withdraw his guilty pleas, and affirm his convictions.

<u>Affirmed.</u>